UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERUNDA FOX,

    Plaintiff,

v.                                    Case No. 03-74755

YUKINS, et al.,                    Honorable Patrick J. Duggan

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on JUNE 6, 2005.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

On December 2, 2003, Plaintiff Cherunda Fox filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants, who are all employees at the Scott Correctional Facility. Plaintiff alleges that Defendants' failure to treat her vaginal and urinary tract infections constitute a violation of her Eighth Amendment right to be free from cruel and unusual punishment.

On January 30, 2004, Defendants Yukins, Atkinson, Jackson, and Bavineni filed a Motion to Dismiss and for Summary Judgment, which this Court referred to Magistrate Judge Paul J. Komives for a report and recommendation (R&R). On June 29, 2004,

Magistrate Judge Komives issued an R&R in which he recommended that Plaintiff's Complaint against Defendants Yukins, Atkinson, Jackson and Bavineni be dismissed.  In an Opinion and Order dated March 30, 2005, this Court dismissed Defendants Yukins, Atkinson, Jackson and Bavineni.  Presently before the Court is Plaintiff's Motion for Reconsideration, filed April 4, 2005.[1]

Motions for reconsideration are governed by Eastern District of Michigan Local Rule 7.1(g)(3) which provides:

> (3)    Grounds.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002).  A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

Plaintiff has not alleged any "palpable defect by which the court and the parties have been misled."  E.D. MICH. L.R. 7.1(g)(3).

---

[1] On April 4, 2005, Plaintiff filed a "Notice of Appeal," in which she states, "I want to appeal [Judge Duggan's] order to the Sixth Circuit Court of Appeals as it is legally and factually erroneous."  Because the document was filed within ten days of the Court's March 30, 2005 Opinion and Order dismissing Defendants Yukins, Atkinson, Jackson, and Bavineni, and because the document asserts that the order is erroneous, the Court will treat the "Notice of Appeal" as a Motion for Reconsideration.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:

Cherunda Fox
8029 Olympia
Detroit, MI 48213

Julia R. Bell, A.A.G.
Felepe H. Hall
Kimberly Koester

3