UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERUNDA FOX,

     Plaintiff,

v.                                                              Case No. 03-74755

MS. YUKINS, WARDEN, ROBERT                     Honorable Patrick J. Duggan
SCOTT CORRECTIONAL FACILITY;
MR. SINGHAL; MR. ATKINSON;
MR. POWELL; MS. BAVINENI; MR.
JACKSON; MS. BABUE; MS. SEATON,

     Defendants.

_____/

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION TO DISMISS

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on JUNE 7, 2005.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
               U.S. DISTRICT COURT JUDGE

On December 2, 2003, Plaintiff Cherunda Fox filed a *pro se* prisoner civil rights

complaint pursuant to 42 U.S.C. § 1983 against Defendants.  Plaintiff alleges that

Defendants' failure to treat her vaginal and urinary tract infections constitute a violation of

her Eighth Amendment right to be free from cruel and unusual punishment.  This matter is

before the Court on the following motions: (1) Plaintiff's Motion for Summary Judgment,

filed on February 17, 2005; (2) Plaintiff's Motion to Amend Complaint, filed on February

18, 2005; (3) Defendant Singhal's Motion to Dismiss Under FRCP 12(b)(6) and 42 U.S.C. § 1997e, filed on March 31, 2005; and (4) Defendant Seaton and Babue's Joinder in Defendant Singhal's Motion to Dismiss, filed on May 17, 2005.  For the reasons set forth below, Defendants' Motion to Dismiss is granted and Plaintiff's Motion for Summary Judgment and Motion to Amend Complaint are denied as moot.

## I.    __Background__

Plaintiff filed suit against Defendants under 42 U.S.C. § 1983, claiming civil rights violations while Plaintiff was incarcerated at the Robert Scott Correctional Facility in Plymouth, Michigan and the Huron Valley Correctional Facility in Ypsilanti, Michigan.  The following Defendants were named in Plaintiff's original complaint dated December 2, 2003: Yukins, Singhal, Atkinson, Powell, Bavineni, Jackson, Babue, and Seaton.

On January 30, 2004, Defendants Yukins, Atkinson, Jackson, and Bavineni filed a Rule 12(b) Motion for Dismissal and Rule 56(b) Motion for Summary Judgment.  On February 2, 2004, this Court referred the motion to Magistrate Judge Paul J. Komives for a Report and Recommendation (R&R).  On March 3, 2004, Plaintiff filed a response in opposition to the motion.

On June 29, 2004, Magistrate Judge Komives issued a R&R recommending that Plaintiff's Complaint against Defendants Yukins, Atkinson, Jackson, and Bavineni be dismissed.  No objections were submitted by either party.  On July 30, 2004, this Court adopted the R&R and issued an Order granting summary judgment to Defendants Yukins, Atkinson, Bavineni, and Jackson.  In addition, on July 30, 2004, the Court issued an Order to Show Cause to Plaintiff why the remaining Defendants, Singhal, Powell, Babue, and

Seaton, should not be dismissed after a review of the Court file revealed that they had never been served. The Court sent a copy of both Orders to the last address provided to the Court by Plaintiff, i.e., the Robert Scott Correctional Facility.

On August 20, 2004, having received no response to the Order to Show Cause, the Court issued an Order and Judgment dismissing Defendants Singhal, Powell, Babue, and Seaton. Again, the Court sent a copy of this Order to Plaintiff at her last known address.

On December 15, 2004, Plaintiff filed a Motion for Relief from Judgment or Order requesting relief from the Court's Order of August 20, 2004. In her Motion, Plaintiff contended that she never received the Court's prior orders because, having been paroled, she was no longer at the Robert Scott Correctional Facility. In an Order dated January 28, 2005, this Court informed Plaintiff that its Order of August 20, 2004, was a dismissal "without prejudice," meaning that Plaintiff could re-file her complaint against these Defendants. The Court also set aside its Order of July 30, 2004, which had adopted the R&R of Magistrate Judge Komives and granted summary judgment to Defendants Yukins, Atkinson, Banineni, and Jackson, and extended the time within which Plaintiff was able to file objections.

On February 17, 2005, Plaintiff filed objections to the R&R. On February 17, 2005, Plaintiff also filed an Amended Complaint and a Motion for Summary Judgment.[1]  On

_____

[1] First, it is important to note that the Court never granted Plaintiff's Motion to file an Amended Complaint. In fact, Plaintiff did not file her Motion to Amend until one day after she filed her Amended Complaint. The Court never set aside its August 20, 2004 Order dismissing Defendants Singhal, Powell, Babue, and Seaton for lack of service. Instead, the Court instructed Plaintiff that she "may re-file her complaint against these Defendants," indicating that a new complaint needed to be filed. However, Plaintiff misunderstood the Court's instructions and has already filed an Amended Complaint and served Defendants with her Amended Complaint. Rather than strike the Amended Complaint and Defendants' Motion to Dismiss from the record, causing Plaintiff to re-file her complaint against Defendants and forcing Defendants to re-file

3

February 18, 2005, Plaintiff filed a Motion to Amend Complaint.

On March 30, 2005, this Court adopted Magistrate Judge Komives's R&R and dismissed Plaintiff's Complaint as to Defendants Yukins, Atkinson, Jackson, and Bavineni.

On April 4, 2005, Plaintiff filed a "Notice of Appeal" in which she alleged that this Court's Opinion and Order of March 30, 2005 was "legally and factually erroneous." This Court treated the "Notice of Appeal" as a motion for reconsideration. On June 6, 2005, this Court denied Plaintiff's motion for reconsideration.

The only remaining Defendants in this action are Defendants Singhal, Seaton, and Babue.[2] On March 31, 2005, Defendant Singhal filed a Motion to Dismiss Under FRCP 12(b)(6) and 42 U.S.C. § 1997e. On May 17, 2005, Defendants Seaton and Babue joined in Defendant Singhal's Motion.

## II.   Standard of Review

Defendants' Motion to Dismiss is brought pursuant to FED. R. CIV. P. 12(b)(6), which addresses the failure to state a claim upon which relief may be granted. When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to

---

their Motion to Dismiss, the Court will address Defendants' Motion to Dismiss as it pertains to Plaintiff's Amended Complaint.

Second, Plaintiff's Motion for Summary Judgment was filed prematurely. Rule 56(a) of the Federal Rules of Civil Procedure requires a party to wait 20 days "from the commencement of the action" before moving for summary judgment. Here, the Motion for Summary Judgment and Plaintiff's Amended Complaint were filed on the same day.

[2] Some time in 2004, Defendant Michael Powell died. Therefore, he is no longer a party to this action.

relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996). "A judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Id.*

### III.   Applicable Law and Analysis

Plaintiff contends that Defendants Singhal, Seaton, and Babue violated her Eighth Amendment constitutional right to be free from cruel and unusual punishment by refusing to treat her urinary tract infections while she was incarcerated. Defendants contend that Plaintiff's Amended Complaint must be dismissed first, because she failed to exhaust her administrative remedies as required by 42 U.S.C. § 1997e before bringing suit under 42 U.S.C. § 1983, and second, because Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### A.   Plaintiff has failed to exhaust her administrative remedies as to Defendants Seaton and Babue as required by 42 U.S.C. § 1997e

42 U.S.C. § 1997e(a) requires that all administrative remedies be exhausted before an action can be brought under 42 U.S.C. § 1983. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). The plaintiff is required to provide proof that she has exhausted her administrative remedies:

> [A] prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. The reason for the requirement to show with specificity both the claims presented and the fact of exhaustion is so that the district court may intelligently decide if the issues raised can be decided on the merits.

*Id.*

5

Plaintiff contends that she has exhausted her administrative remedies and attaches the following grievances: (1) SCF-02-10-2238-12C; (2) SCF-04-01-0088-12E1; and (3) SCF-03-12-2686-12F.   None of the attached grievances name Defendants Seaton and Babue, therefore, Plaintiff has failed to show that she exhausted her administrative remedies as to Defendants Seaton and Babue.

Moreover, of the grievances included, only Grievance No. SCF-02-10-2238-12C has a Step III grievance response, indicating that Plaintiff exhausted her administrative remedies with regard to that particular grievance.   In Grievance No. SCF-02-10-2238-12C Plaintiff contends that during an examination, Dr. Singhal failed to take blood tests or a urine sample to determine if Plaintiff had an infection.   Thus, Plaintiff has established that she exhausted her administrative remedies with regard to Defendant Singhal.

### B. __Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted__

In addition, Defendants Singhal, Seaton, and Babue contend that Plaintiff's Amended Complaint fails to state a claim against Defendants.   To prove a claim under 42 U.S.C. § 1983, Plaintiff must establish: (1) that she was deprived of a right secured by the Constitution or the laws of the United States, and (2) that she was subjected to or caused to be subjected to this deprivation by a person acting under color of state law.   *See Flagg Bros. v. Brooks*, 436 U.S. 139, 155, 98 S. Ct. 1729, 1732-33 (1978).

In her Amended Complaint, Plaintiff alleges that she was deprived of medical treatment in violation of the Eighth Amendment.   To state a § 1983 claim for a violation of a prisoner's Eighth Amendment rights due to inadequate medical case, the prisoner must allege facts

6

evidencing a deliberate indifference to serious medical needs. *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S. Ct. 2321, 2323 (1991). Here, even accepting all Plaintiff's factual allegations as true, Plaintiff has failed to establish either a serious medical need or deliberate indifference to such need on the part of Defendants Singhal, Seaton, and Babue.

First, Plaintiff has failed to show that she had a serious medical need. A medical need is "serious" if it has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention. *Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). Plaintiff contends that she had a serious medical need due to untreated urinary tract infections. However, Plaintiff has attached her own psychiatric reports to her Amended Complaint which show that Plaintiff has been diagnosed with a delusional disorder: "Patient has a variety of somatic delusions as well as at least past prosecutory delusions . . . . Patient continues to believe she is infected with a variety of infections and thus is unable to take medication, as she believes currently that Seroquel contributes to these infections." (Comprehensive Psychiatric Examination, Sep. 9, 2003, at 1). Plaintiff has included numerous reports from doctors diagnosing Plaintiff with "delusions" and "delusional disorders." Therefore, Plaintiff's Amended Complaint provides ample evidence that the infections which Plaintiff contends constituted a "serious medical need" were actually psychological delusions, instead of a physical condition that a doctor could treat.

However, even assuming that Plaintiff actually suffered from urinary tract infections that constitute "a serious medical need," she has failed to allege any facts that would establish that Defendants were deliberately indifferent to her medical needs as required by

7

the Eighth Amendment.  The Supreme Court has explained the meaning of "deliberate indifference" as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

Plaintiff's Amended Complaint alleges that Dr. Singhal refused to refer Plaintiff to a gynecologist.  According to Plaintiff, Singhal would examine Plaintiff and finding no signs of infection, conclude that she did not need to be referred to a specialist.  As set out above, Plaintiff has submitted evidence that throughout her incarceration, numerous doctors agreed that she was suffering from delusions in which she believed that she was suffering from infections.  In addition, according to Plaintiff's own allegations, Singhal examined her but found no sign of infections.  Therefore, the Court does not believe that Plaintiff has stated a claim that Dr. Singhal's conduct constituted deliberate indifference to a serious medical need.

Similarly, Plaintiff's Amended Complaint fails to state a claim against Defendants Seaton and Babue.  According to Plaintiff, after Dr. Seaton treated Plaintiff for a urinary tract infection, Dr. Babue, a psychiatrist, put Plaintiff back on the medicine that she alleges was causing her infections.  Plaintiff's Amended Complaint alleges no wrongdoing on the part of Defendant Seaton.  Moreover, Plaintiff has failed to allege that Babue had any knowledge that the medicine he prescribed was causing her infections.  In fact, as set out above, Plaintiff suffered from delusions in which she believed her medication was causing her infections.

Plaintiff has failed to allege any facts that would establish that Defendants were deliberately indifferent to any serious medical need.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment and Motion to Amend Complaint are **DENIED AS MOOT**.


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Cherunda Fox
8029 Olympia
Detroit, MI 48213

Julia R. Bell, A.A.G.

Ronald W. Chapman, Esq.

Felepe H. Hall, A.A.G.

9